ROBERT L. POWLEY (Pro Hac Vice pending)
rlpowley@powleygibson.com
JAMES M. GIBSON (Pro Hac Vice pending)
jmgibson@powleygibson.com
JOSEPH J. BOZZUTI (Pro Hac Vice pending)
jjbozzuti@powleygibson.com
POWLEY & GIBSON, P.C.
304 Hudson Street 2nd Floor
New York, New York 10013
Telephone: (212) 226-5054
Facsimile:  (212) 226-5085

JAMES ANDREW HINDS, JR. (SBN 71222)
jhinds@jhindslaw.com
LAW OFFICES OF JAMES ANDREW HINDS, JR.
21515 Hawthorne Blvd.
Suite 1150
Torrance, California 90503
Telephone: (310) 316-0500
Facsimile: (310) 792-5977

Attorneys for Plaintiffs, Energy Intelligence Group, Inc. and
Energy Intelligence Group (UK) Limited

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENERGY INTELLIGENCE GROUP, INC. and ENERGY INTELLIGENCE GROUP (UK) LIMITED, <br><br> Plaintiffs, <br><br> V. <br><br> CHEVRON CORPORATION, <br><br> Defendant. | CASE NO. <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT** <br><br> **DEMAND FOR TRIAL BY JURY** |

Plaintiffs Energy Intelligence Group, Inc. (hereinafter "EIG") and Energy Intelligence Group (UK) Limited (hereinafter "EIG UK," and collectively hereinafter "Plaintiffs"), by and through their undersigned counsel, allege the following for their Complaint against Defendant Chevron Corporation (hereinafter "Defendant") based on personal knowledge and on information and belief, as appropriate:

## JURISDICTION AND VENUE

1. Plaintiffs bring this action under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* (hereinafter "the Copyright Act") against Defendant for, *inter alia*, willful infringement of Plaintiffs' registered copyrights.

2. This Court has jurisdiction pursuant to Sections 501, *et seq.* of the Copyright Act and 28 U.S.C. §§ 1331 and 1338(a) over causes of action alleging copyright infringement.

3. This Court has personal jurisdiction over Defendant in that Defendant resides in and is doing business in the State of California and in this District. In addition, many of the acts of infringement complained of herein occurred in the State of California.

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(a).

## THE PARTIES

5. Plaintiff EIG is a Delaware corporation with a principal place of business located at 5 East 37th Street, New York, New York 10016-2807.

6. Plaintiff EIG UK is a United Kingdom limited company with a principal place of business located at Holborn Towers, 8th Floor, 137-144 High Holborn, London, WC1V 6PW United Kingdom.

7. Upon information and belief, Defendant is a Delaware corporation with a principal

place of business at 6001 Bollinger Canyon Road, San Ramon, California 94583, and is registered to do business and is doing business in the State of California.

## FACTS COMMON TO ALL COUNTS

### A. Plaintiffs' Publications

8. Plaintiffs and their predecessors-in-interest have been engaged in publishing newsletters and other publications for the highly-specialized global energy industry for over fifty-eight (58) years. In particular, Plaintiffs have published the weekly newsletter *Petroleum Intelligence Weekly* (hereinafter "PIW") since at least as early as 1962 and the daily newsletter *Oil Daily* (hereinafter "OD," and collectively hereinafter the "Works") since at least as early as 1951. The focus of the Works is to provide original, in-depth, high quality articles regarding significant industry events and trends, as well as new and forthcoming policy and legislation changes, corporate mergers, international events, technology advances, and activities in the gas and petroleum markets affecting these fast-paced industries. Additionally, the Works also provide valuable news and pricing information and related analysis of matters affecting gas and petroleum prices. Copies of the January 26, 2009 edition of PIW and March 13, 2009 edition of OD are annexed hereto as Exhibits A and B, respectively.

9. The audience for the Works consists predominantly of personnel in the oil and gas industries, bankers, investors and analysts in the United States and other countries.

10. Plaintiffs have invested significant time and resources to develop their publications and services, including the Works.

11. Plaintiffs maintain an editorial staff of approximately fifty (50) reporters, editors, and analysts at seven (7) editorial bureaus located in New York, Washington, D.C., Houston, London, Moscow, Dubai and Singapore.

12. The original content and information gathered by Plaintiffs and included in the Works and their other publications are valuable assets. Plaintiffs also publish the following original publications in addition to the Works:

Serial Publications

*Energy Intelligence Briefing*;

*Energy Compass*;

*Uranium Intelligence Weekly*;

*Nefte Compass*;

*Oil Market Intelligence*;

*Jet Fuel Intelligence*;

*International Oil Daily*;

*International Petroleum Finance*;

*LNG Intelligence*;

*Natural Gas Week*;

*World Gas Intelligence*; and

*NGW's Gas Market Reconnaissance.*

Informational Services

*Oil Market Intelligence Numerical Data Source*;

*Natural Gas Week Numerical Data Source*;

*Nefte Compass Numerical Data Source*;

*World Gas Intelligence Numerical Data Source*; and

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

4

*Petroleum Intelligence Weekly Numerical Data Source.*

Research & Reference Works

*Almanac of Russian and Caspian Petroleum* (multiple years);

*Asia-Pacific Refined Products*;

*Biofuels: Fuels of the Future?*

*International Crude Oil Market Handbook* (multiple years);

*The Energy Intelligence Top 100: Ranking the World's Oil Companies* (multiple years);

*World Gas Handbook* (multiple years);

*High Oil Prices: Causes and Consequences*;

*World LNG Review*;

*Libya Oil & Gas: Competition Heats Up*;

*Oil Supply Dilemma: Needs of Major Oil Exporters*;

*The Quest for Dominance: NOC-IOC Rivalries, Alliances and the Shape of the New Global Oil Industry*;

*Understanding the Oil and Gas Industries*; and

*Iraq Oil and Gas: A Bonanza Still in Waiting.*

13. Plaintiffs have developed an invaluable reputation for their extremely high standards and the reliability of the information and analysis contained in the Works, as well as in their other publications.

14. In view of the extensive research efforts and expertise required for the Works and Plaintiffs' other publications, Plaintiffs provide various subscription plans and pricing options for interested parties to purchase the Works and their other publications and access the valuable information contained therein.

15. Interested third parties have various subscription options depending on their particular needs. Subscribers may obtain the Works by print, fax, email and/or from Plaintiffs' website, which permits password-protected access to current and/or archived issues. Interested third parties may also purchase individual articles appearing in the Works as well as archived issues from Plaintiffs.

16. Plaintiffs have also historically provided, and continue to provide today, the ability for their subscribers to access individual articles appearing in the Works through their website for a license fee. The license fee for this service is based on the number of users for the requested article.

17. Plaintiffs provide copyright notices on their website, invoices, emails, transmittal letters, articles and publications so that third parties are aware of Plaintiffs' rights in the publications and works of original authorship.

18. Plaintiffs are the owners of U.S. Copyright Registration No. TX 6-647-240 for Volume 48, Nos. 1 through 4, of PIW, covering issues dated January 5, 12, 19, and 26, 2009, a copy of which is annexed hereto as Exhibit C.

19. Plaintiffs are also the owners of U.S. Copyright Registration No. TX 6-647-244 for Edition 59 of OD covering issues from March 2, 2009 through March 31, 2009, a copy of which is annexed hereto as Exhibit D.

20. Plaintiffs provide a comprehensive copyright notice that appears within all publications, including the Works (hereinafter, the "Copyright Notice"), which states, "[a]ccess, distribution, reproduction or electronic forwarding not specifically defined and authorized in a valid subscription agreement or license with EIG is willful copyright infringement." *See, e.g.*, Exhibits A and B.

**B.** **Defendant's Business Relationship and Contractual Agreements With Plaintiffs**

21. Upon information and belief, Defendant has subscribed to PIW since at least 2002.

22. Over the years, Defendant's selected method of receiving PIW has been to receive emails attaching PDF copies of PIW.

23. On January 29, 2009, the terms of Defendant's subscription to PIW were governed by a single-user email subscription agreement dated June 15, 2007 (the "PIW Subscription Agreement"). Copies of Defendant's single-user email PIW Subscription Agreement dated June 15, 2007 and payment for said agreement are collectively annexed hereto as Exhibit E.

24. Defendant's single-user email PIW Subscription Agreement identifies Kimberly Berman, who, upon information and belief, is an employee of Defendant, as the sole authorized user of PIW. Under the PIW Subscription Agreement, Kimberly Berman was to receive emails attaching PDF copies of PIW. *See* Exhibit E.

25. Upon information and belief, Defendant contacted Plaintiffs and requested that Defendant's employee, Justin Higgs, thereafter receive Defendant's email subscription pursuant to the PIW Subscription Agreement instead of Kimberly Berman.

26. Upon information and belief, Defendant has subscribed to OD since at least 1999.

27. Over the years, Defendant's selected method of receiving OD has changed from receiving facsimile delivery to receiving emails attaching PDF copies of OD.

28. On March 13, 2009, the terms of Defendant's subscription to OD were governed by a single-user email subscription agreement dated August 8, 2008 (the "OD Subscription Agreement"). Copies of Defendant's single-user email OD Subscription Agreement dated August 8, 2008 and payment for said agreement are collectively annexed hereto as Exhibit F.

29. Defendant's single-user email OD Subscription Agreement identifies Kimberly Berman, who, upon information and belief, is an employee of Defendant, as the sole authorized user of OD. Under the OD Subscription Agreement, Kimberly Berman was to receive emails attaching PDF copies of OD. *See* Exhibit F.

30. Upon information and belief, Defendant contacted Plaintiffs on or about August 12, 2008, and requested that Defendant's employee, Justin Higgs, thereafter receive Defendant's email subscription pursuant to the OD Subscription Agreement instead of Kimberly Berman.

31. Upon information and belief, Defendant contacted Plaintiffs again, on or about January 12, 2009, and requested that Defendant's employee, Christina Michel, thereafter receive Defendant's email subscription pursuant to the OD Subscription Agreement instead of Justin Higgs.

32. Defendant's single-user email PIW and OD Subscription Agreements prohibit any reproduction, copying, distributing, or forwarding of any issue of the Works and do not grant any other license to reproduce, copy, distribute or forward any issue of the Works in any form whatsoever.

33. Defendant's single-user email PIW and OD Subscription Agreements define any reproduction, copying, distributing, forwarding, and other unauthorized uses of any issue of PIW or OD as willful infringement.

34. No subscription agreement or any other agreement authorizes Defendant to reproduce, copy, distribute, or forward any issue of PIW and/or OD to individuals or entities who are not authorized users under a subscription agreement.

/ / /

/ / /

**C.     Defendant's Improper Use of Plaintiffs' Copyrighted Publication PIW**

35.     On or about January 29, 2009, Plaintiffs (eigcirculation@networkats.com) received an email message entitled "Petroleum Intelligence Weekly" from Christina Michel (Christina.Michel@chevron.com), who, upon information and belief, is an employee of Defendant, a copy of which is annexed hereto as Exhibit G.

36.     Ms. Michel's message identified herself as Defendant's employee and inquired, "Can you please forward me this publication instead of Justin Higgs?"  The message further stated: "I am the new External Communications Assistant and I will be the one distributing the PIW weekly."  *See* Exhibit G.

37.     Upon information and belief, at least during the month of January 2009, and on a consistent basis prior thereto, Ms. Michel and/or Mr. Higgs and/or another employee of Defendant sent e-mails attaching copies of each January issue of PIW in PDF format, in their entirety, to other employees of Defendant without implied or express authority, nor with Plaintiffs' express or implied permission, and copied, reproduced, exhibited and displayed the issues of PIW.

38.     Other than the facts described herein, Plaintiffs have no knowledge or reason to know of any unauthorized copying, exhibiting, reproducing, transmitting, displaying and/or distributing of PIW by Defendant.

39.     Defendant has not entered into any agreement or relationship with Plaintiffs that would allow Defendant to copy, reproduce, exhibit, transmit, display and distribute and/or otherwise use issues of PIW in the manner described above.

40.     Upon information and belief, Defendant's actions of copying, reproducing, exhibiting, transmitting, displaying and/or distributing the PIW on a systematic basis was and is willful infringement of Plaintiffs' valid and subsisting copyrights.

**B.     Defendant's Improper Use of Plaintiffs' Copyrighted Publication OD**

41.     On or about March 31, 2009, Plaintiffs' employee, Deborah A. Brown (dbrown@energyintel.com), received an email message from Christina Michel (Christina.Michel@chevron.com), who, upon information and belief, is an employee of Defendant, entitled "FW: Upstream and EI Subscriptions," a copy of which is annexed hereto as Exhibit H.

42.     Ms. Michel's email message included several attached email messages reflecting prior communications between Ms. Michel and individuals named Kurt Glaubitz and Gareth Johnstone.

43.     Upon information and belief, Mr. Glaubitz is Defendant's employee and Mr. Johnstone is an employee of a Chevron entity named Chevron International Pte. Ltd., located in the Republic of Singapore. *See* Exhibit H.

44.     Among other communications, Ms. Michel's April 2, 2009 email message included a copy of a March 13, 2009 email message from herself to Mr. Johnstone and Mr. Glaubitz that stated that she "currently distribute[s] the Oil Daily publication via e-mail." *See* Exhibit H.

45.     Upon information and belief, the "Oil Daily publication" identified in Ms. Michel's March 13, 2009 email message refers to Plaintiffs' OD publication.

46.      Upon information and belief, at least during the month of March 2009, and on a consistent basis prior thereto, Ms. Michel sent e-mails attaching copies of each March issue of OD in PDF format, in their entirety, to other employees of Defendant without implied or express authority, nor with Plaintiffs' express or implied permission, and copied, reproduced, exhibited and displayed the issues of OD.

47. Other than the facts described herein, Plaintiffs have no knowledge or reason to know of any unauthorized copying, exhibiting, reproducing, transmitting, displaying and/or distributing of OD by Defendant.

48. Defendant has not entered into any agreement or relationship with Plaintiffs that would allow Defendant to copy, reproduce, exhibit, transmit, display and distribute and/or otherwise use issues of OD in the manner described above.

49. Upon information and belief, Defendant's actions of copying, reproducing, exhibiting, transmitting, displaying and/or distributing OD on a systematic basis was and is willful infringement of Plaintiffs' valid and subsisting copyrights.

## COUNT ONE
## COPYRIGHT INFRINGEMENT OF PIW

50. Plaintiffs repeat and allege Paragraphs 1-49 as though fully set forth herein.

51. Plaintiffs were and are the exclusive holders of all rights, title and interest in PIW and articles contained therein, and are the owners of a valid copyright in PIW, as shown in U.S. Copyright Registration No. TX 6-647-240.  *See* Exhibit C.

52. The articles contained in PIW are highly original and contain creative expression and independent analysis.

53. Copies of PIW were made available to Defendant pursuant to the PIW Subscription Agreement.  *See* Exhibit E.

54. Upon information and belief, Defendant's employees made and forwarded copies of PIW to individuals who are not authorized users.

55. Plaintiffs first became aware of Defendant's infringement of PIW through an email message sent to Plaintiffs by Defendant's employee on January 29, 2009.

56. Defendant's employee indicated that Defendant was willfully copying, distributing and/or reproducing PIW for distribution to individuals who are not authorized users.

57. Upon information and belief, Defendant copied, reproduced, exhibited, transmitted, displayed and distributed PIW to numerous individuals, without implied or express authority, nor with Plaintiffs' express and/or implied permission.

58. Plaintiffs did not grant Defendant any right to copy, reproduce, exhibit, transmit, display and/or distribute PIW or any issue of PIW in its entirety and/or beyond the use permitted pursuant to the PIW Agreement. The terms of the Copyright Notice in PIW issues that Defendant receives state that "[a]ccess, distribution, reproduction or electronic forwarding not specifically defined and authorized in a valid subscription agreement or license with EIG constitutes willful copyright infringement." *See* Exhibit A.

59. The PIW Subscription Agreement prohibits any reproduction, copying or distribution of any issue of PIW or any articles contained therein to individuals or entities who are not authorized users, and states that such unauthorized use is willful infringement.

60. Upon information and belief, Plaintiffs now believe that Defendant has continually and systematically distributed and concealed distribution of PIW to individuals who are not authorized users since at least 2002.

61. Upon information and belief, Defendant was aware that the PIW Subscription Agreement allowed for only one authorized user.

62. Upon information and belief, Defendant willfully infringed the copyrights in PIW by copying, reproducing, exhibiting, transmitting, displaying and distributing PIW beyond the use permitted pursuant to the PIW Subscription Agreement, without permission and/or authorization express or implied from Plaintiffs.

Defendant's aforesaid acts violate Plaintiffs' exclusive rights under § 106 of the Copyright Act of 1976, 17 U.S.C. § 106, as amended, and constitute willful infringement of Plaintiffs' copyrights in PIW. Defendant's past and continuing copying, reproducing, exhibiting, transmitting, displaying and distributing of PIW constitute a willful, deliberate and ongoing infringement of Plaintiffs' copyrights and are causing irreparable harm and damage to Plaintiffs.

63. Plaintiffs have no adequate remedy at law.

## COUNT TWO
## COPYRIGHT INFRINGEMENT OF OD

64. Plaintiffs repeat and allege Paragraphs 1-64 as though fully set forth herein.

65. Plaintiffs were and are the exclusive holders of all rights, title and interest in OD and articles contained therein and are the owners of a valid copyright in OD, as shown in U.S. Copyright Registration No. TX 6-647-244. *See* Exhibit D.

66. The articles contained in OD are highly original and contain creative expression and independent analysis.

67. Copies of OD were made available to Defendant pursuant to the OD Subscription Agreement. *See* Exhibit F.

68. Upon information and belief, Defendant's employees made and forwarded copies of OD to individuals who are not authorized users.

69. Plaintiffs first became aware of Defendant's infringement of OD through an email message sent by Defendant's employee on April 2, 2009.

70. Defendant's employee indicated that Defendant was willfully copying, distributing and/or reproducing OD for distribution to individuals who are not authorized users.

71. Upon information and belief, Defendant copied, reproduced, exhibited, transmitted, displayed and distributed OD to numerous individuals, without implied or express authority, nor with Plaintiffs' express and/or implied permission.

72. Plaintiffs did not grant Defendant any right to copy, reproduce, exhibit, transmit, display and/or distribute OD or any issue of OD in its entirety and/or beyond the use permitted pursuant to the OD Subscription Agreement. The terms of the Copyright Notice in OD issues that Defendant receives state that "[a]ccess, distribution, reproduction or electronic forwarding not specifically defined and authorized in a valid subscription agreement or license with EIG constitutes willful copyright infringement." *See* Exhibit B.

73. The OD Subscription Agreement prohibits any reproduction, copying or distribution of any issue of OD or any articles contained therein to individuals or entities who are not authorized users, and states that such unauthorized use is willful infringement.

74. Upon information and belief, Plaintiffs now believe that Defendant has continually and systematically distributed and concealed distribution of OD to individuals who are not authorized users since at least 1999.

75. Upon information and belief, Defendant was aware that the OD Subscription Agreement allowed for only one authorized user.

76. Upon information and belief, Defendant willfully infringed the copyrights in OD by copying, reproducing, exhibiting, transmitting, displaying and distributing OD beyond the use permitted pursuant to the OD Subscription Agreement, without permission and/or authorization express or implied from Plaintiffs.

77. Defendant's aforesaid acts violate Plaintiffs' exclusive rights under § 106 of the Copyright Act of 1976, 17 U.S.C. § 106, as amended, and constitute willful infringement of Plaintiffs' copyrights in OD. Defendant's past and continuing copying, reproducing,

exhibiting, transmitting, displaying and distributing of OD constitute a willful, deliberate and ongoing infringement of Plaintiffs' copyrights and are causing irreparable harm and damage to Plaintiffs.

78.     Plaintiffs have no adequate remedy at law.

**WHEREFORE** Plaintiffs demand judgment against Defendant on the foregoing claim as follows:

(1)   That Defendant, its directors, officers, agents, subsidiaries and affiliates and all persons acting by, through, or in concert with any of them, be permanently enjoined from using and infringing the copyrights of Plaintiffs in any manner, and from copying, reproducing, archiving, exhibiting, transmitting, displaying, distributing or preparing derivative works from any of the copyrighted material in any of past, present or future Works;

(2)   That Defendant be required to pay to Plaintiffs such actual damages as they have sustained as a result of Defendant's copyright infringement pursuant to 17 U.S.C. § 504;

(3)   That Defendant be required to account for and disgorge to Plaintiffs all gains, profits, and advantages derived by its copyright infringement pursuant to 17 U.S.C. § 504;

(4)   That Defendant be required to pay Plaintiffs an increase in the award of statutory damages due to Defendant's willful infringement pursuant to 17 U.S.C. § 504(c)(2);

(5)   That the Court issue an Order requiring Defendant to hold harmless and indemnify Plaintiffs from any claim(s) raised by any third party who allegedly relied upon any of Plaintiffs' publications it received as a result of Defendant's

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
15

unauthorized use of Plaintiffs' copyrighted materials;

(6) That the Court enter judgment against Defendant in favor of Plaintiffs for all claims, including pre- and post-judgment interest, as allowed by law;

(7) That the Court enter judgment against Defendant finding that its unlawful copying and dissemination of the Works is willful;

(8) That Defendant be ordered to pay to Plaintiffs their costs in this action along with reasonable attorneys' fees; and

(9) That Plaintiffs be granted such further relief as the Court deems just.

Dated: September 1, 2009                                    Respectfully submitted,


                                                            By:  /s/   James Andrew Hinds, Jr.
                                                                 James Andrew Hinds, Jr.

## **JURY DEMAND**

Plaintiffs hereby demand a jury trial.

Dated: September 1, 2009                                    Respectfully submitted,


                                                            By:  /s/   James Andrew Hinds, Jr.
                                                                 James Andrew Hinds, Jr.